## T. L. CAVENER

*v.*

## CHARLES A. SHINKLE.

1. REPLEVIN—*right as against officer attaching for debt of another.* Where the proof shows that the plaintiff had bought and paid for the property replevied by him from a constable, and was the owner of it, before the levy upon it under an attachment against the vendor, this will entitle the plaintiff to a recovery against the constable.

2. PLEADING AND EVIDENCE—*variance.* In an action of replevin by A against B, the latter pleaded that as an acting constable he levied on the goods as the property of C, on a writ of attachment issued by a justice of the peace in a suit by D against C, and that in such suit A had impleaded him, the defendant, in an action or interpleader for the wrongful taking and detaining

the same property, and that the issues were found against the plaintiff in such suit: *Held*, that the record of the suit of D against C could not be admitted in evidence to sustain the plea, as the defendant was not a party to the suit before the justice, and that the variance was fatal.

3: ERROR *will not always reverse.* An instruction upon a branch of a case against a party where his evidence ought to have been rejected, even if not technically correct, can work no harm, and is no ground for a reversal.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was an action of replevin, by Charles A. Shinkle against T. L. Cavener, for certain goods and chattels. The defendant pleaded *non cepit, non detinet,* property in a stranger, justification under a writ of attachment against Charles Shinkle, the plaintiff's father, and alleging property in him, and a plea of a former recovery.

The proofs showed the purchase of the property by the plaintiff from the defendant in the attachment, and payment of the price, before the levy. To sustain the plea of a former recovery, the defendant introduced in evidence the record of a suit, wherein Edward H. Nolte was plaintiff, and Charles Shinkle defendant, and to which the constable was not a party. The plaintiff recovered judgment in this suit, and the defendant appealed.

Messrs. KROME & HADLEY, for the appellant.

Messrs. GILLESPIE & HAPPY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It is clear, from the evidence offered, that on the merits of the case plaintiff was entitled to recover the property replevied; that he had bought and paid for it, and was in fact the owner. The property, in the first instance, had been seized by defendant, who was an acting constable, on a writ of attachment issued in the suit of Nolte against Charles Shinkle, and it is alleged in the plea that plaintiff had impleaded him, the defendant, before a justice of the peace, "in a certain suit, action

or interpleader for the taking and wrongfully detaining from said plaintiff of the very same identical goods and chattels, and each and every one of them, in each and every count of said declaration mentioned," and that such proceedings were thereupon had before such justice that the issues joined on the plea were found against plaintiff and in favor of defendant, and judgment was rendered against plaintiff for costs.

There is no evidence to sustain the averments in this plea. The case in which plaintiff interpleaded was Nolte against Charles Shinkle, and to which defendant was in no way a party. He was the officer that served the writ of attachment and other process in the cause. It does not appear that plaintiff had interpleaded this defendant in any previous action concerning the property involved in this litigation. Whether plaintiff was concluded by interpleading under the statute in that action, had the defense been set forth by appropriate pleading, is a question upon which we need not now express an opinion. It is fatal to the present defense that there is a variance between the evidence offered and the averments of the plea, which renders the testimony inadmissible under the issue joined.

This view renders it unnecessary to remark upon other points made on the argument.

The instruction given for plaintiff, to which exception was taken on the trial, has reference to the defense under the plea of former recovery, and as we think the evidence offered could, with great propriety, have all been rejected, the instruction on that branch of the case, whether technically correct or not, did no harm.

On the evidence the judgment is right, and must be affirmed.

*Judgment affirmed.*